UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DAVID M. YAW,

                Plaintiff,

     v.                                 **DECISION AND ORDER**
                                           03-CV-275S

FIRST UNUM LIFE INSURANCE COMPANY,

                Defendant.

      1.      In this action, Plaintiff David M. Yaw seeks to recover benefits under a disability insurance policy administered by Defendant First Unum Life Insurance Company. Plaintiff asserts a claim for benefits pursuant to 29 U.S.C. § 1132(a)(1)(B), and a claim for attorney fees pursuant to 29 U.S.C. § 1132(g), which are both sections of the Employee Retirement Income Security Act of 1974 ("ERISA").  Presently before this Court are Defendant's Motion for Judgment on the Pleadings and Plaintiff's Motion for Summary Judgment.  For the reasons that follow, Defendant's motion is denied, Plaintiff's motion is granted, and this case is remanded to Defendant for expedited consideration.

      2.      At the times relevant herein, Plaintiff was the 49-year-old President and owner of Yaw Automation, Inc.  On August 8, 2000, Plaintiff suffered a major heart attack. He was thereafter diagnosed with coronary artery disease, and underwent bypass surgery to remove blockages in three arteries.  On October 1, 2000, Plaintiff returned to work on a less than full-time basis.  In May of 2001, Plaintiff filed a claim for benefits under his disability plan with Defendant, which included a provision for "residual" disability benefits.

      3.      Defendant assigned Plaintiff's claim to Ms. Linda Nee, a lead customer care specialist.  (Declaration of Linda M. Nee ("Nee Decl."), ¶ 5.)  Ms. Nee's responsibility was

to review the claim and render an initial claim determination.  (Nee Decl., ¶ 5.)  On September 18, 2001, Ms. Nee sent Plaintiff a letter advising him that his claim for benefits was denied.  (A.R. at 138-136.[1])  Plaintiff sought reconsideration of this determination on November 1, 2001.  (A.R. at 160.)  By letter dated November 20, 2001, Ms. Nee advised Plaintiff that his claim remained denied, but that the matter would be sent for internal appellate review.  (A.R. at 165-164.)  On or about December 21, 2001, Mr. Domenic J. Palleschi, a lead appeals specialist, denied Plaintiff's appeal. (A.R. at 169-167.) Plaintiff's further efforts to have his claim reviewed by Defendant were unsuccessful, which lead to the filing of the instant lawsuit on April 7, 2003.

4.     Plaintiff's claim that he is entitled to benefits under his plan falls under 29 U.S.C. § 1132(a)(1)(B), the ERISA provision that permits a participant or beneficiary of an employee benefit plan to commence a civil lawsuit "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132 (a)(1)(B).

Because there is no right to a jury trial under ERISA, the district court typically acts as the finder of fact and conducts a bench trial "on the papers."  Muller v. First Unum Life Ins. Co., 341 F.3d 119, 124 (2d Cir. 2003).  The court reviews a plan administrator's decision to deny benefits "under a *de novo* standard unless the benefit plan gives the administrator . . . discretionary authority to determine eligibility for benefits or to construe the terms of the plan." Muller, 341 F.3d at 123-24 (quoting Firestore Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115, 109 S. Ct. 948, 103 L. Ed. 2d 80 (1989)).

---

[1]The Administrative Record is attached to Defendant's Notice of Motion.  It is assembled in reverse chronological order, and numbered from 317-1.

If the benefit plan vests the plan administrator with discretionary authority, the denial of benefits is subject to a deferential, "arbitrary and capricious" standard of review. Burke v. Kodak Ret. Income Plan, 336 F.3d 103, 109 (2d Cir. 2003); Pagan v. Nynex Pension Plan, 52 F.3d 438, 441 (2d Cir. 1995) ("where the written plan documents confer upon a plan administrator the discretionary authority to determine eligibility, we will not disturb the administrator's ultimate conclusion unless it is 'arbitrary and capricious'").  Under this standard, the decision to deny benefits "may be overturned only if the decision is 'without reason, unsupported by substantial evidence or erroneous as a matter of law.'" Kinstler v. First Reliance Standard Life Ins. Co., 181 F.3d 243, 249 (2d Cir. 1999)  (quoting Pagan, 52 F.3d at 442).  In this case, the plan vests Defendant with discretionary authority.

5.     The common law duty of good faith and fair dealing is an implied term in every contract, including ERISA plans. See Cross v. Cross Properties Ltd. v. Everett Allied Co., 886 F.2d 497, 501-02 (2d Cir. 1989) (duty of good faith and fair dealing is implied in every contract); Dunnigan v. Metro. Life Ins. Co., 99 F.Supp.2d 307, 324 (S.D.N.Y. 2000) ("duty of good faith and fair dealing that is implied in every contract applies with equal force to ERISA plans"), rev'd on other grounds, 277 F.3d 223 (2002); see also Hogan v. Metromail, No. 99 CIV. 11204, 2002 WL 373245, at *16 (S.D.N.Y. Mar. 8, 2002).  This duty of good faith "requires plan administrators to deal honestly and fairly with the claims of plan participants."[2] Dunnigan, 99 F.Supp.2d at 324.  It further obligates the plan administrator to honestly process applications in a timely fashion.  See Gustafson v. Kennametal, Inc., No. 00 CIV. 7396, 2001 WL 25722, at *7 (S.D.N.Y. Jan. 10, 2001).

---

[2]The duty of good faith supplements the fiduciary duties already set forth under ERISA in 29 U.S.C. § 1104.  See Dunnigan, 99 F.Supp.2d at 324 n. 24.

6.    Imposition of the implied term of duty of good faith and fair dealing in ERISA contracts "is appropriate because it accomplishes both goals of the [ERISA] statute; it protects the rights of the beneficiary and the rights of the plan." Dunnigan, 99 F.Supp.2d at 324 (citing Varity Corp. v. Howe, 516 U.S. 489, 497, 116 S.Ct. 1065, 134 L.Ed.2d 130 (1996)); cf. 29 U.S.C. § 1133(2) (requiring that the insured be provided a reasonable opportunity to request a full and fair review of a denied claim).  The plan administrator's failure to perform in good faith and act fairly may constitute a breach of the plan and the administrator's decision could be found to be arbitrary and capricious.  See id.; see also Sullivan v. LTV Aerospace and Defense Co., No. 91-CV-713, 1993 WL 405495, at *5 (W.D.N.Y. Sept. 30, 1993).

7.    In this unusual case, this Court finds that Defendant failed to evaluate Plaintiff's claim fairly and in good faith.  This conclusion is reached based on the Declaration of Linda Nee submitted by Plaintiff in support of his Motion for Summary Judgment.[3]   Therein, Ms. Nee attests under penalty of perjury that she improperly prejudged Plaintiff's claim based on a partial record and without any investigation.  (Nee Decl., ¶¶ 9, 14.)  She admits that she "completely ignored the opinion of [Plaintiff's] treating physician" and reached a "summary conclusion" regarding the nature of Plaintiff's

_____

[3]Depending on who is asked, Ms. Nee is either a brave whistleblower or an untrustworthy, disgruntled former employee of First Unum Life.  Defendant correctly notes that this Court has, in other cases, stricken Ms. Nee's Declaration, which contains general accusations regarding the internal operations of Defendant's claim processing unit.  However, in those cases, this Court found that Ms. Nee's Declaration was irrelevant because she was not involved in the handling of the plaintiff's application for benefits.  In contrast, here Ms. Nee was the employee responsible for handling Plaintiff's claim.  Her unrebutted Declaration as it pertains to her personal involvement is therefore direct evidence of improper claims processing in this case.  Consequently, that portion of her Declaration that deals with her personal processing of Plaintiff's claim is directly relevant to the issues herein and will be accepted.  Due to Ms. Nee's personal involvement, this is an unusual case.  Indeed, among the numerous reported cases in which a Declaration from Ms. Nee was presented, this Court was unable to find any case in which Ms. Nee personally served as the claim evaluator.

job duties.  (Nee Decl., ¶¶ 6, 11.)  In this Court's view, such treatment of Plaintiff's claim violates the duty of good faith and fair dealing.

8.      This Court is not persuaded by Defendant's argument that subsequent layers of review cured any prejudice that arose from Ms. Nee's involvement in the handling of Plaintiff's claim.  Ms. Nee made the initial determination to deny Plaintiff's claim on an improper basis, and her conclusion and analysis necessarily framed the issues for subsequent review.  This initial taint, established by an affidavit from the very individual who improperly evaluated the claim, cannot be overlooked and in this Court's view, renders the entire claim review process in this instance invalid from its inception.

9.      It strikes this Court that due to Ms. Nee's improper actions, neither Plaintiff's nor the plan's rights were protected.  This Court recognizes that Defendant considers Ms. Nee a rogue employee whose actions were not indicative of the way benefit claims were typically processed.  To ensure fairness to both sides, this Court finds it most appropriate to remand this case to Defendant for expedited review of Plaintiff's application by new examiners who shall adhere to the fiduciary duties applicable to them.  This course provides Plaintiff the opportunity to have his claim processed in an impartial manner, and permits Defendant to evaluate Plaintiff's claim in the first instance without the encumbrance of its former employee's improper predisposition.

10.     Plaintiff has also moved for attorney fees and costs pursuant to 29 U.S.C. § 1132(g)(1).  Based on the circumstances of this case, this Court finds that such an award is warranted.  Plaintiff will be directed to file a statement of its reasonable attorney fees and costs incurred in this action.

IT HEREBY IS ORDERED, that Defendant's Motion for Judgment on the Pleadings (Docket No. 17) is DENIED.

FURTHER, that Plaintiff's Motion for Summary Judgment (Docket No. 23) is GRANTED.

FURTHER, that this matter is REMANDED to Defendant for further review of Plaintiff's claim on an expedited basis by new examiners.

FURTHER, that Defendant is ORDERED to complete review of this case within 180 days from the date of this Decision and Order.

FURTHER, that Plaintiff shall file a statement of its reasonable attorneys fees and costs incurred in this case on or before April 28, 2006.

FURTHER, that Defendant shall file a response thereto on or before May 12, 2006.

FURTHER, that Plaintiff shall file a reply, if any, on or before May 19, 2006.

FURTHER, that this Court will take the issue of Plaintiff's reasonable attorney fees and costs under advisement without oral argument.

SO ORDERED.

Dated:      March 27, 2006
            Buffalo, New York

                              /s/William M. Skretny
                              WILLIAM M. SKRETNY
                              United States District Judge