UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DAVID M. YAW,

        Plaintiff,

v.                                   **DECISION AND ORDER**
                                                03-CV-275S

FIRST UNUM LIFE INSURANCE COMPANY,

        Defendant.

        1.        On March 28, 2006, this Court filed a Decision and Order granting Plaintiff's Motion for Summary Judgment and awarding him his reasonable attorney fees and costs pursuant to 29 U.S.C. § 1132(g)(1).  (See Docket No. 45, ¶ 9.)  At this Court's direction, Plaintiff filed an accounting of his attorney fees and costs, including invoices and billing statements.  Defendant filed a response in opposition to Plaintiff's fee submission and requested that this Court reconsider its decision to grant Plaintiff attorney fees and costs.  Plaintiff filed reply papers, and this Court took the matter under advisement.

        2.        Having fully considered the parties' submissions and the relevant legal authority, this Court finds no cause to reconsider its prior decision and further finds that Plaintiff's fee submission, as discussed below, is reasonable.  Accordingly, judgment in Plaintiff's favor against Defendant in the total amount of $47,042.50 will be entered.

        3.        Defendant, as part of its response to Plaintiff's fee submission, requests that this Court reconsider its decision to award attorney fees and costs pursuant to 29 U.S.C. § 1132(g)(1).  This request is arguably improper on procedural grounds since Defendant did not file a Motion to Reconsider, either pursuant to Rule 60 of the Federal Rules of Civil Procedure or otherwise.  In any event, this Court finds no cause to reconsider its prior

decision.

4.   This Court found that an award of attorney fees and costs was warranted based on the circumstances of this case.  (See Docket No. 45, ¶ 10.) Those circumstances included the following: (1) Defendant, through lead customer care specialist Linda Nee, failed to evaluate Plaintiff's claim fairly and in good faith; (2) Defendant improperly prejudged Plaintiff's claim, including ignoring the treating physicians' opinion, making a determination on a partial record, and failing to investigate the claim, and (3) Defendant violated its duty of good faith and fair dealing.  (See Docket No. 45, ¶¶ 3, 7, 8.)  Defendant does not argue that this Court made an error of law or fact – it simply disagrees with this Court's decision to impose fees and costs.

5.   Citing Chambless v. Masters, Mates & Pilots Pension Plan, Defendant argues that consideration of the factors therein do not support an award of fees and costs in this case.  815 F.2d 869, 871 (2d Cir. 1987).  This Court disagrees.  While not specifically set forth in the prior decision, each of these factors was considered and in this Court's view, they support the award in this case.  In particular, Defendant was culpable and acted in bad faith in assessing Plaintiff's initial claim for benefits, Defendant has the ability to satisfy the fee award, Defendant and others will be deterred from treating similar claims in a like manner in the future, and all plan participants will benefit by Defendant discontinuing its improper handling of claims.  See id. at 871.  Defendant's request for reconsideration is therefore denied.

6.   In its fee submission, Plaintiff requests costs in the amount of $455.24 and fees in the amount of $47,926.  These requests are supported by invoices and billing

records. (See Docket No. 52.) Plaintiff has paid these legal fees and costs from the outset of this litigation as they have accrued. (Docket No. 52, ¶¶ 15, 19.)

7. Defendant does not challenge Plaintiff's request for $455.24 in costs, nor does it challenge the hourly rate charged by Plaintiff's attorneys. Rather, Defendant challenges certain fees as "non-compensable" and challenges the overall reasonableness of the amount of time Plaintiff's attorneys spent on this case.

8. First, Defendant argues that $6,415 worth of pre-litigation legal work performed at the administrative level is not compensable in this action. See Peterson v. Cont'l Cas. Co., 282 F.3d 112, 121 (2d Cir. 2002) (holding that "ERISA authorizes the award only for fees incurred in relation to a suit filed in a court of competent jurisdiction"). Plaintiff concedes that $6,042 for pre-litigation legal fees and $373 in legal fees incurred in unrelated matters is not compensable. Accordingly, Plaintiff consents to a reduction in its fee request of $6,415. (See Docket No. 58, p. 10; Docket No. 57, ¶ 4.) This reduces Plaintiff's fee demand to $41,511.

9. Second, Defendant challenges a $500 entry, which it contends is a non-compensable expert witness fee paid to Linda Nee. In reply, Plaintiff indicates that he does not seek to recover this fee. (Docket No. 58, p. 11.) Indeed, as set forth in Exhibit G to the DeLuca Affidavit (Docket No. 52), the $500 fee was not invoiced to Plaintiff and Plaintiff does not now seek to recover it. Accordingly, Plaintiff's fee demand will not be reduced by $500.

10. Finally, Defendant argues that as a general matter, the fees sought by Plaintiff are excessive. It urges this Court to apply a thirty-five percent across-the-board

reduction to Plaintiff's fee demand. This Court retains the discretion to reduce a fee demand by a general percentage if it deems it necessary to reach a just fee result. See, e.g., Critchlow v. First Unum Life Ins. Co. of Am., 377 F.Supp.2d 337, 341-43 (W.D.N.Y. 2005) applying a fifteen percent reduction); Anderson v. Rochester-Genesee Reg'l Transp. Auth., 388 F.Supp.2d 159, 167 (W.D.N.Y. 2005) (applying a 20 percent reduction). However, in this case, such a reduction is not necessary.

11. Defendant contends that Plaintiff's attorneys spent excessive amounts of time (1) preparing and filing the Complaint, (2) researching a discovery issue, (3) completing dispositive motions, and (4) preparing for and attending settlement conferences. Defendant also objects to the inclusion of minimal fees incurred as the result of intra-office consultation between attorneys. This Court has reviewed these areas of the fee request and finds that they are not unreasonable. In addition, this Court notes that it awarded fees and costs because of the improper way in which Defendant handled Plaintiff's claim for benefits. In doing so, it was this Court's intention that Plaintiff not have to incur the expense of correcting Defendants' unfair handling of his claim. Plaintiff has paid his attorneys out-of-pocket throughout this successful litigation and deserves to be reimbursed for those fees. This Court finds that Petitioner's fee demand of $41,511, which represents fees that he has actually incurred and paid during the course of this litigation, is reasonable.

12. Plaintiff also seeks recovery of an additional $7,414 in fees and expenses that he has incurred (and paid in full) in preparing his fee submission. (See DeLuca Reply Aff., ¶ 7.) Fees and costs incurred in preparing a fee application are generally regarded

as compensable under 29 U.S.C. § 1132(g)(1).  See Cefali v. Buffalo Brass Comp., 748 F.Supp. 1011, 1021-22 (W.D.N.Y. 1990).  Plaintiff also contends that fees and costs incurred in the administrative proceedings occurring as a result of this Court's remand of this matter are also compensable.  See Peterson, 282 F.3d at 122 (2d Cir. 2002) (holding that costs incurred during an administrative remand ordered by a court are compensable).

13.   This Court's fee award did not extend to the remand proceedings, and this Court does not now grant such relief.  This Court awarded fees and costs incurred only in the federal litigation.  As such, this Court will grant fees incurred for preparation of the fee request, but will not grant an award for fees incurred during the remand administrative proceedings.  By this Court's calculation, $5,531.50 of the requested $7,414 is attributable to the preparation of the fee application, and as such will be included in the judgment.[1]

14.   Accordingly, this Court will direct the Clerk of the Court to enter Judgment in Plaintiff's favor against Defendant in a total amount of $47,497.74.  This represents $455.24 in costs and $47,042.50 in attorney fees.

IT HEREBY IS ORDERED, that Defendant's request for reconsideration of this Court's (Docket No. 45) Decision and Order is DENIED.

FURTHER, that Plaintiff's Motion for Attorney Fees and Costs (Docket No. 50) is GRANTED.

---

[1] This Court reached this conclusion by reviewing the invoices and time sheets attached to the DeLuca Reply Affidavit. (See Docket No. 57.)  This Court awarded the full fees incurred on April 19, 25, 26, 2006, and May 15, 16, 17, 18, 19, 23, 2006.  This Court further awarded fifty percent of the fees incurred on April 27, 28, 2006, and May 5, 12, 2006.  In this Court's view, Plaintiff incurred the balance of the fees in the course of the remand proceedings, and as such, they are not recoverable in this action.

FURTHER, that the Clerk of the Court shall enter a total judgment in Plaintiff's favor against Defendant in the amount of $47,497.74.

FURTHER, that Defendant shall remit payment to Plaintiff within forty-five days of the date this Decision and Order is entered on the docket.

FURTHER, that the Clerk of the Court shall close this case.

SO ORDERED.

Dated: December 12, 2006
      Buffalo, New York

                                                <u>/s/William M. Skretny</u>
                                                WILLIAM M. SKRETNY
                                                United States District Judge